IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS WILLIAMS,   )
                     )
    Plaintiff,   )
                     )
v.                   )   Case No. 17-1128
                     )
NORFOLK SOUTHERN RAILWAY )
COMPANY,              )   **DEFENDANT DEMANDS**
                     )   **TRIAL BY JURY**
    Defendant.   )

## NOTICE OF REMOVAL

Defendant Norfolk Southern Railway Company ("Norfolk Southern"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division. The grounds for removal are as follows:

    1.    Plaintiff commenced this action by filing a complaint (the "Complaint") against Norfolk Southern and a non-diverse defendant, Pamela M. Evans ("Evans")[1], on June 30, 2017, in the Circuit Court of St. Clair County, Illinois, and the case was docketed at 17-L-349. *Exhibit A*.

    2.    On September 22, 2017, Plaintiff tendered a First Amended Complaint to the St. Clair County Court that proposed dropping Evans as a defendant, leaving Norfolk Southern as the sole defendant. *Exhibit C*.

---

[1] Plaintiff alleged "that Defendant Pamela M. Evans is an individual residing in East St. Louis, St. Clair County, Illinois." *Exhibit A, Complaint, par. 2; See also, Exhibit J, Illinois Traffic Crash Report*.

3. On October 13, 2017, the St. Clair County Court entered an order allowing leave to file Plaintiff's First Amended Complaint and stating "Plaintiff's First Amended Complaint is hereby placed on file." *Exhibit D.*

4. Plaintiff alleges that on March 25, 2016, he was a passenger in a vehicle driven by Evans that was stricken by Norfolk Southern's train at a grade crossing. *Exhibit C, par. 3, 5.*

5. Because this action was brought in Illinois, Plaintiff is a citizen of Illinois (*Exhibit A, Complaint, par. 1*), and defendant Evans was a citizen of Illinois (*Exhibit A, Complaint, par. 2*), the presence of Evans as a non-diverse defendant precluded Norfolk Southern from removing this action to federal court based upon diversity jurisdiction when the Complaint was initially filed and served. *See* 28 U.S.C. § 1441(b)(2) (case cannot be removed if a properly joined and served defendant is a citizen of the State in which the action is brought); 28 U.S.C. § 1332(a)(1) (diversity requires that the plaintiff and defendant(s) must be citizens of different States).

6. Under 28 U.S.C. § 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

7. Additionally, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

8. Here, the case stated by the initial pleading was not removable because diversity was destroyed by the presence of Evans as a defendant. This case became removable only after

Plaintiff proposed dropping Evans as a defendant, which was accomplished by order of the St. Clair County Court on October 13, 2017, and effectuated the dismissal of the only non-diverse defendant from the case.

9. Because this action was commenced less than one year ago (on June 30, 2017), and because this Notice of Removal is being filed within 30 days after Norfolk Southern's receipt of the September 22, 2017 proposed First Amended Complaint and the October 13, 2017 order placing it on file, from which it could first be ascertained that the case is one which has become removable, this Notice of Removal is timely filed.

10. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Norfolk Southern in this case are attached hereto as Exhibit E.

11. Concurrent with the filing of this Notice, Norfolk Southern is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the Circuit Court of St. Clair County, Illinois.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1) and 1441(a), because the United States District Court for the Southern District of Illinois, East St. Louis Division, is the federal judicial district and division embracing the Circuit Court of St. Clair County, Illinois, where this action was originally filed.

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship), because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. 28 U.S.C. § 1332(a).

**DIVERSITY OF CITIZENSHIP**

14. Complete diversity exists between the current parties to this action.

15. As alleged in the First Amended Complaint, Plaintiff Demetrius Williams "is an individual residing in East St. Louis, St. Clair County, Illinois." *Exhibit C, par. 1; See also, Exhibit J, Illinois Traffic Crash Report.* As such, Plaintiff is a citizen of Illinois for purposes of diversity jurisdiction.

16. Defendant Norfolk Southern is a corporation incorporated in Virginia and has its principal place of business in Virginia, and has neither in the State of Illinois. *Exhibit F, Affidavit of Kinsha O. Swain.* As such, Norfolk Southern is a citizen of Virginia for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

17. Defendant Pamela Evans was dismissed from this action effective October 13, 2017. *Exhibit D.*

18. Accordingly, complete diversity now exists between the parties to this action.

## AMOUNT IN CONTROVERSY

19. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

20. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006).

21. Section 1446(c)(2) states that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that (A) the notice of removal may assert the amount in controversy if the initial pleading seeks … (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2).

22. This Court has acknowledged that "[t]he Illinois Rules of Civil Procedure prohibit a plaintiff seeking personal injury relief from praying for specific relief. *See* 735 Ill. Comp. Stat.

5/2-604 (2012) ("In actions for injury to the person, any complaint filed which contains an ad damnum, except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed, shall, on motion of a defendant or on the court's own motion, be dismissed without prejudice."); <u>Chase v. Shop 'N Save Warehouse Foods</u>, 110 F.3d 424, 427 (7th Cir. 1997). This rule frustrates a defendant's ability to determine the amount in controversy solely from the complaint." <u>Anderton v. Wal-Mart Stores, Inc.</u>, No. 12-CV-46-DRH, 2012 WL 3526788, at *4 (S.D. Ill. Aug. 15, 2012); *See also* Ill.Sup.Ct.R. 222(b) ("[a]ny civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000."). In accordance with these Illinois practices, the Complaint (*Exhibit A*) and First Amended Complaint (*Exhibit C*) pray for damages "in an amount in excess of $50,000," and the affidavit attached to Plaintiff's initial Complaint states "the undersigned certifies that the money damages sought by the Plaintiff exceeds $50,000.00" (*Exhibit A*).

23. In instances such as these, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (a) if the district court finds, **by the preponderance of the evidence**, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

24. As discussed below, the preponderance of the evidence in this matter shows that the amount in controversy exceeds $75,000.

25. <u>Alleged damages</u>. In the First Amended Complaint, Plaintiff alleges he has been damaged in the following manner:

- "Plaintiff suffered injuries to his person and body, including but not limited to a broken arm requiring surgical repair; lacerations about his body and face; injuries to his legs; and injuries to his neck and back." *Exhibit C, par. 7*.

- "Plaintiff suffered great pain, and due to the permanent and disabling injuries of Plaintiff caused by said accident, will continue to suffer great pain into the future." *Exhibit C, par. 8.*

- "That Plaintiff lost wages…" *Exhibit C, par. 9.*

- "That Plaintiff incurred hospital and medical bills and will continue to incur bills for health care provided into the future." *Exhibit C, par. 10.*

- Plaintiff's prayer for relief seeks "an amount in excess of $50,000" plus "his costs and expenses herein incurred." *Exhibit C.*

26. <u>Settlement demand</u>. The amount in controversy requirement is met when discussions between the parties indicate that the plaintiff is seeking more than the jurisdictional amount in damages. *See, e.g.,* <u>Andrews v. E.I. Du Pont De Nemours & Co.</u>, 447 F.3d 510, 515 (7th Cir. 2006) (finding amount in controversy met where plaintiff alleged "severe and permanent" injures and sought damages "in excess of $50,000" for "pain and suffering," and where discussion between parties' counsel indicated that medical and rehabilitation expenses alone would exceed $75,000); <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 428 (7th Cir. 1997) (jurisdictional amount met for removal in part because defendant provided evidence that plaintiff had previously made a settlement demand of $120,000). Counsel for Norfolk Southern (Kurt Reitz) spoke with counsel for Plaintiff (Steve Fluhr) on Thursday, October 19, 2017. *Exhibit I*. Plaintiff's counsel stated that, while he was not in a position to make a settlement demand at present, **any settlement demand would be in excess of $100,000.00**. *Exhibit I*.

27. <u>Medical damages</u>. Norfolk Southern has received documentation that Plaintiff's medical charges as of January 24, 2017, were **$43,058.75**. *Exhibit G; see also Exhibit H*. Plaintiff's counsel stated that his client has undergone an additional surgery to his arm beyond those reflected in the medical bills set out in Exhibit G. *Exhibit I*.

28. <u>Lost wages</u>. Counsel for Plaintiff has informed Norfolk Southern that Plaintiff has not returned to work since the alleged accident on March 25, 2016, which occurred while he was traveling to work. *Exhibit C, par. 3; Exhibit H; Exhibit I*. Counsel for Plaintiff has also informed Norfolk Southern that Plaintiff's wages were $8.50 per hour at the time of the accident, and he may not be able to return to work in the future. *Exhibit I; Exhibit H*. **Norfolk Southern is not admitting that Plaintiff has been or will be out of work due to the alleged accident**. As of the date of this filing, Plaintiff has been out of work for approximately 82 weeks. For purposes of the alleged amount in controversy, if Plaintiff was working 40 hours per week and earning $8.50 per hour, his past wage loss to date is **$27,880.00** (*i.e.*, 82 weeks x 40 hours per week x $8.50 per hour). Plaintiff was 31 years old at the time of the accident. *Exhibit J; Exhibit I*. A future wage loss could therefore be asserted for years at $17,000 per year ($8.50 x 2000 hours).

29. <u>Summary</u>. The evidence and the further allegations of additional damages that cannot yet been quantified (including past and future pain, permanent and disabling injuries, and future wage loss) establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

30. Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. For example, in <u>Gebbia v. Wal-Mart Stores</u>, 233 F.3d 880, 881 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capaci*ty,* and permanent disability and disfigurement" satisfied the jurisdictional amount. *See also* <u>Gallo v. Homelite Consumer Prods.</u>, 371 F. Supp. 2d 943, 947-48 (N.D. Ill. 2005) (allegations of "hospitalization and medical

treatment" as well as "great pain . . . disability, disfigurement" and Plaintiff's contention that he would be permanently hindered from working and "liable for large sums of money for the care and treatment of his injuries on an ongoing and permanent basis" met jurisdictional minimum); Kancewick v. Howard, 2008 WL 4542970, at *3 (N.D.Ill. Apr. 3, 2008) (concluding that the amount in controversy requirement was met based on the circumstances of the accident and the "severe and permanent" injuries plaintiff suffered, despite the prayer for judgment "not to exceed $50,000.00"); Calvert v. Office Depot, Inc., No. 14-CV-6145, 2014 WL 7055460, at *2 (N.D. Ill. Dec. 11, 2014) ("Courts have held that when plaintiffs allege **serious, permanent injuries and significant medical expenses**, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount, thus triggering the 30–day removal period."); Combs v. Crab Addison, Inc., No. 1:13-cv-00304-TWP-DKL, 2013 WL 3177744, at *3 (S.D. Ind. June 24, 2013) (finding claims for "lost wages, pain and suffering, emotional damages, medical and hospital expenses, physical disability and permanent injuries due to 'functional limitations' insufficient" to satisfy jurisdictional amount).

31.     Relevant case law from the Southern District of Illinois has established that the amount in controversy requirement is met here, where Plaintiff has allegedly lost wages and has permanent physical injuries, including a broken arm that has required multiple surgical repairs, lacerations about his body and face, injuries to his legs, and injuries to his neck and back, all of which will allegedly require further medical treatment. Sandage v. Cottrell, Inc., 2006 U.S. Dist. LEXIS 67419, at *8 (S.D.Ill. Sept. 20, 2006) (holding jurisdictional amount satisfied based on plaintiff's allegation, *inter alia*, "that he has suffered and will continue to suffer severe and permanent injuries"); Sanders v. Merck & Co., 2007 U.S. Dist. LEXIS 21614, *13 (S.D. Ill. Mar. 27, 2007) (jurisdictional minimum satisfied where plaintiff's complaint alleged that he suffered

heart attack as a result of taking Vioxx); Gilmore v. Bayer Corp., No. 09-986-GPM, 2009 WL 4789406, at *3 (S.D. Ill. Dec. 9, 2009) (noting that "cases involving allegations of severe and permanent personal injuries" caused by a prescription drug satisfy the amount in controversy requirement); Spears v. U.S. Steel Corp., No. 09-cv-0777-MJR-CJP, 2009 WL 3756445, at *2-3 (S.D. Ill. Nov. 8, 2009) (denying motion to remand where plaintiff alleged total damages exceeding $50,000 and sought damages for past and future pain and suffering, medical expenses, lost wages, disability, and diminished earning capacity).

32.    Finally, Plaintiff did not stipulate in his Complaint that he will not seek, demand, or accept a recovery in excess of $75,000 to avoid diversity jurisdiction. As such, it is reasonable to infer that his claim seeks damages in excess of the jurisdictional amount. Workman v. United Parcel Serv., Inc., 234 F.3d 998, 1000 (7th Cir. 2000) (noting that plaintiff can avoid removal "simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 ... at the time suit is filed" and that an inference arises that plaintiff thinks the claim is worth more by not making such stipulation). This Court has stated "[l]itigants who want to prevent removal **must** file a binding stipulation or affidavit with their complaints; once a defendant has removed the case ... later filings [are] irrelevant. ... Thus, if the plaintiff does not stipulate to damages of $ 75,000 or less, the **inference** arises that he thinks his claim may be worth more." Anderton v. Wal-Mart Stores, Inc., No. 12-CV-46-DRH, 2012 WL 3526788, at *4 (S.D. Ill. Aug. 15, 2012) (internal quotation marks omitted). No such stipulation has been made in the current case.

## CONCLUSION

33.    Because both of the requirements for federal diversity jurisdiction are satisfied, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

34. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Circuit Court of St. Clair County, Illinois.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division.

DATED: October 20, 2017

Respectfully submitted,

**DEFENDANT DEMANDS
TRIAL BY JURY**

s/ Kurt. E. Reitz
    Kurt E. Reitz, #6187793 (Lead Counsel)
    525 West Main Street
    Suite 300
    Belleville, Illinois 62220
    618-277-4700
    FAX 618-236-3434
    kreitz@thompsoncoburn.com

Attorney for Defendant

OF COUNSEL:
THOMPSON COBURN LLP

### Certificate of Service

I hereby certify that on October 20, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

I further hereby certify that on October 20, 2017, a true and correct copy of the foregoing was mailed, via first-class mail, postage prepaid, to the following non-registered participants:

Steven S. Fluhr
Fluhr & Moore, LLC
9322 Manchester Road
St. Louis, Missouri 63119

                s/Kurt E. Reitz